NEGRO CESAR, *vs.* NATHANIEL CHEW.—*June* 1835.

A testator devised as follows:—I also bequeath to my aforesaid nephew N, *all my personal property,* consisting of bonds, notes, furniture of whatever kind, and negroes, *upon the terms* herein mentioned; my woman A to serve two years after my death, then to be free, and her child, now six years old, to serve until she is twenty-eight years old, then to be free. A's youngest child named S, to be the property of its mother, to serve her until it is eighteen years of age, *then* to be free. *Also my men W, C, and B, to serve five years after my death;* and it is my will that my men, I and T, and my woman S shall be free at my death."—*Held,* that so far as regards the kind of property enumerated the legatee, took the whole interest subject to the terms prescribed in the will—that C was to serve five years, after which period he was entitled to his freedom, both by the general intent of, and particular expressions used in, the will.

The nature of the estate passed by a will, must be determined from the face of the will alone—and parol evidence is inadmissible to shew, that the drafts-man of the will was mistaken, and the testator designed something not expressed in the will.

APPEAL from ANNE ARUNDEL County court.

This petition for freedom, was filed by the appellant, on the 19th of March 1833.

It appeared in evidence, that the petitioner was the slave of *Nathaniel Chew,* the uncle of the appellee, and that, at the expiration of five years, from the death of the testator, and at the time of the trial, he was under the age of forty-five years, and capable of maintaining himself.

The will, under which he claimed his freedom, and which was proved on the 1st of January 1828, after the usual introductory clause, is as follows :—

" I give to my nephew *Nathaniel Chew,* my land in the *Swamp,* containing 96 1-2 acres, to him and his heirs for ever. I also bequeath, to my aforesaid nephew *Nathaniel Chew,* all my personal property, consisting of bonds, notes, furniture of whatever kind, and negroes upon the terms herein mentioned, to wit—my woman *Nanny,* to serve two years after my death, then to be free—and her child *Rachel,* now six years old, to serve until she is twenty-eight years old, then to be free—*Nanny's* youngest child named *Susan,* to be the property of its mother, to serve her until it is eighteen years of age, then to be free.    I also give to my nephew *Nathaniel Chew,* my woman *Rachel,* now twenty-three years old, to serve four years after my death, also her children, to serve until they are twenty-three years old—also my men, *Will, Cesar,* and *Allen,* to serve five years after my death ; and it is my will that my men *Jim,* and *Tom,* and my woman *Suke* shall be free at my death, and I constitute my nephew *Nathaniel Chew* my executor, &c.

Upon this evidence, the petitioner prayed the court to instruct the jury, that by the true construction of the will, he was entitled to his freedom ; but the court, (Dorsey, Ch. J. and Kilgour and Wilkinson, A. J's.) refused the instruction so prayed, and directed the jury, that by the true construction of the will, and under it, the petitioner was not entitled to his freedom.    *The petitioner excepted.*

2. The petitioner then offered to prove by the draftsman of the will, that he was directed by the testator, so to draw it, that all his negroes should be manumitted after the certain periods of service expressed therein ; and that he (the drafts-

man) in pursuance thereof, prepared the will, and supposed it was in conformity with the instructions given him; and that he had used the same expressions, with regard to *Will*, *Cesar*, and *Allen*, as he had, with reference to *Nancy*, *Rachel*, and her child, and that the omission, if he has not done so, was accidental, as he was directed by the testator to manumit them, and intended so to do. The defendant objected to the admissibility of this evidence, insisting, that none could be introduced to control, or in any manner affect the construction of the will, or to evidence the intention of the testator therein, or to show a mistake in the draft; and the court being of that opinion, the evidence so offered was excluded.

*The petitioner excepted*, and the verdict and judgment being against him, he prosecuted the present appeal.

The cause was argued before STEPHEN, ARCHER, and CHAMBERS, Judges.

BREWER for the appellant, contended,

1. That upon the true construction of the will, the petitioner is entitled to his freedom. The intention of the testator, that the petitioner should be free, after serving the prescribed period, is perfectly obvious, and when that is the case, express words of manumission are not necessary. Implications will be resorted to, to effectuate the intent. From aught that appears upon the face of the will, the property, real and personal, willed to the appellee, was all that the testator had, nor is there any thing to show that he had other relations. It is certainly very apparent, that he was the sole object of the testator's bounty, and yet he, by the express terms of the will, cannot retain the petitioner in his service, after the lapse of five years from the testator's death.

2. The evidence of the draftsman of the will, was admissible to elucidate the intentions of testator.

RANDALL for the appellee, was proceeding to argue against the admissibility of the parol evidence, but was stopped by the court, by whom it was considered clearly inadmissible.

17

Negro Cesar, *vs.* Chew.—1835.

Upon the first point he insisted, that the testator did not mean to dispose of his entire estate, in favor of the appellee. If such had been his intention, he would have employed general and comprehensive terms ; and not have resorted to minute description, the only effect of which would be, to produce obscurity, were perspicuity was so easily attainable. And it is quite as evident, that he did not design that the petitioner should be free, after serving the prescribed period. If such had been the case, he would have so said, as he has done in reference to other of his slaves.

That he knew well, how to accomplish such a purpose is manifest; and when, in regard to some of his slaves, he is found prescribing their ultimate condition, in plain, unambiguous language, and omitting to use the same language, in reference to others, it is impossible to suppose, that his intentions were the same in regard to all.

CHAMBERS Judge, delivered the opinion of the court.

The second exception was disposed of during the argument. There is no ground upon which to except this case from the general rule, which requires that the nature of the estate passed by the will, shall be determined from the face of the will alone.

The first exception raises the question, whether the appellant, having served five years since the death of the testator, is now free according to the legal construction of the will.

We know nothing of the testator's family or property, except what we learn from the will.

There are no facts in the case to shew, whether he had, or had not, any near relation beside the appellee, or any other real estate, except that devised, or any personal estate, other than such as consisted of the kind enumerated, or other negroes than those named.

Whatever difficulty might be made, if the question arose in relation to an article of property, not enumerated, or *ejusdem generis ;* (and on this point we decide nothing) it is clear, that so far as regards the kind of property enumerated, the

legatee took the whole, and absolute interest, subject to the " terms" or conditions and limitations, afterwards prescribed.

The appellee's counsel, is not understood to deny, that the words, " all my personal property," are ample to pass every thing, from the heir, or legal representative, but for the enumeration, and as far as the negroes are concerned, the enumeration does not operate, because they are included in it.

The legatee then, had the absolute interest in *Cesar*, "upon the terms," or on the condition, that he was to serve for five years. After this period, he could not be the property of the legatee, because he had performed for him all the service required, or intended by the will, nor could he be the property of any other, because the whole interest was passed away by the will from the representatives.

The apparent intent of the testator was to manumit all his negroes, at the periods, and ages respectively given, and although the words of the will are certainly not technical, we think they sufficiently manifest that intention. The ultimate state of freedom intended for the negroes, is expressly declared in reference to the two first given to *N. Chew*, and necessarily so, in reference to the child bequeathed for a term of years to its mother. The language then employed, is such as was necessary to define the different periods of service respectively intended for them, omitting the repetition of words, which we think are plainly implied.

The language was necessarily varied in the last clause, where no term of service being intended, the testator's object, could only be effected by such expressions as are employed.

We think, that both upon the general intent of the will, and the particular expressions, the appellant is entitled to freedom, and that the court below erred, in giving a contrary instruction to the jury.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED